The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Edward Garner, Jr. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
* * * * * * * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a 62 year old retired sheet metal worker, who was employed in that field for 26 years.
2. He has contracted the disease asbestosis, ILO class 1/1. He is not significantly impaired by that disease, with his forced vital capacity and total lung capacity being within normal limits.
3. Plaintiff was exposed to asbestos while working for B 
G Olsen at the Dupont plant in Richmond, Virginia and while working at the Newport News shipyard.
4. Plaintiff contends that he was last exposed to asbestos while employed by defendant Anco in 1983 and further contends that his "last injurious exposure" was either with that company or when he worked for defendant Bray in 1980 or 1981.
5. Plaintiff was employed by defendant Anco from June 21 through September 8, 1983. During the 10 years before that employment, he worked for Natkin Company, Babcock Wilcox, Porter-Hayden Company, General Boiler Casing Company, Flame Refractories, JHK Systems, Aeronca, Stone Webster Engineering Corp., Mallory Evans, Building Air Systems, BHW Sheet Metal Company, Bray Sheet Metal Company, Grunau Company and Anco.
6. Plaintiff's employment with Stone Webster Engineering Corp., and BHW Sheet Metal Company, as well as his 1977 employment by Aeronca, were all outside the State of North Carolina.
7. In his testimony, plaintiff specifically denied exposure to asbestos while employed by Porter-Hayden, General Boiler Casing, JHK Systems, Mallory Evans, Building Air Systems and Grunau. He also denied exposure to asbestos while employed by defendant Anco in 1982. He was not exposed to the inhalation of asbestos dust during any of those employments.
8. In his testimony, plaintiff did not allege, and he did not otherwise prove, that he was either exposed to or inhaled asbestos dust while employed by Flame Refractories in 1975 or Aeronca in 1976, or while he worked for Natkin Company during the 10 year period of time prior to his last exposure to asbestos. He was not exposed to the inhalation of asbestos dust during any of those employments.
9. Plaintiff testified that he was "not really" exposed to asbestos while working for Babcock Wilcox in 1973 and 1974. Off and on, asbestos cloth, blankets and caulking were used while he worked for that company, but plaintiff did not inhale asbestos dust as a result of the use of any of those products.
10. Asbestos is a solid, which does not leak like a gas. In order for it to be dangerous, it has to be turned into a dusty form and actually breathed into the lungs. As a consequence of that and plaintiff's admission that he was "not really" exposed to asbestos while working for Babcock Wilcox, plaintiff has failed to either allege or prove that he was exposed to the inhalation of asbestos dust while employed by Bray Sheet Metal Company.
11. Plaintiff was employed by defendant Anco for 46 days beginning on June 21, 1983. During the first four or five days of his employment, insulation containing asbestos fibers was removed by Anco employees other than plaintiff. At the time, he was performing other duties, which sometimes placed him within 40 to 60 yards of the insulation removal process. That work was not being done in a confined space, but outside in the open. Before they attempted to remove any insulation, the insulators wet it down, thereby reducing the amount of dust which is generated. As the insulation was subsequently removed and dropped to the ground, it was swept up and bagged. After all of the insulation was removed, the ground was swept and the duct work and scaffolding washed down. The asbestos removal project and subsequent cleanup was completed by the end of plaintiff's fifth day on the job with Anco, June 29, 1983.
12. Anco employees performed no further work with asbestos and plaintiff was not exposed to the inhalation of asbestos dust after June 29, 1983.
13. Plaintiff was not exposed to the hazards of asbestosis for as much as 30 working days, or parts thereof, within seven consecutive calendar months during his employment with defendant Anco in 1983.
14. In 1980, plaintiff worked for Bray at the Weyerhauser Paper plant in Plymouth, North Carolina, for an undetermined length of time, which plaintiff believes to be 36 days. Plaintiff again worked for Bray in 1981; plaintiff believes that this tenure was for 32 days. Plaintiff's work at Bray involved general sheet metal work and odd jobs all over the plant. Plaintiff was not involved in the removal or clean-up of asbestos insulation while working for Bray.
15. Throughout plaintiff's 26 year career in the sheet metal industry, he worked for at least 27 separate employers. Plaintiff alleges that he was only exposed to asbestos while working for three of these employers. They are Natkin (where plaintiff alleges that he was first exposed to asbestos sheets and blankets), Bray Sheet Metal Company, and Anco Insulation Company.
16. Plaintiff worked out of Bray's sheet metal shop which was located outside the Weyerhauser plant. Plaintiff performed general sheet metal work and was "in and out of the plant at different times doing odd jobs." Specifically, plaintiff's claimed exposure occurred as he walked past the paper machines which allegedly contained asbestos on the outside of the paper drying hoods. Plaintiff also believes that he was exposed to asbestos when he cut into these hoods on 2 to 3 occasions.
17. Plaintiff has not proved that the hoods at the paper plant contained asbestos, and he had never had them tested for the presence of asbestos. When asked about the condition of the hoods, plaintiff testified "they are in fairly good shape and will still do the job, but it could have been a littler better, you know what I mean?"
18. Plaintiff never worked in a particular area of the plant where asbestos was allegedly contained, but "passed through" these areas on the way to do other jobs.
19. Plaintiff's claims of exposure to asbestos are nothing more than unsubstantiated allegations. Plaintiff offered no evidence at the hearing, or otherwise, to suggest that asbestos was present at the Weyerhauser plant or that even if it was, that he was exposed to it.
20. Plaintiff only worked 25.1 days for Bray in 1981.
21. Mr. Rich, a retired sheet metal worker supervised plaintiff during plaintiff's two periods of employment at Weyerhauser Paper plant. Sometimes during Mr. Rich's own 12 year period of employment with Bray, asbestos was removed from the Weyerhauser plant. Asbestos was removed from the drying hoods of paper machine's two and three, but this removal occurred before plaintiff ever worked there. The only other paper machine hood which contained asbestos when plaintiff worked there, was located on machine number 1, and Mr. Rich was unaware that asbestos was contained elsewhere in the plant. Plaintiff was never involved in the replacement of these drying hoods. Additionally, Mr. Rich ordered plaintiff to wear a dust mask when working around paper machine number 1 and that plaintiff followed his instructions and wore a mask. As Dr. Young testified in deposition, asbestos is a solid material which does not "leak." In order for asbestos to be harmful, it has to be turned into a "dusty form." Thus, the plaintiff's use of the dust mask would have effectively prevented plaintiff from inhaling any of these particles.
* * * * * * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has contracted asbestosis, which is an occupational disease. G.S. § 97-53(24).
2. Plaintiff was not exposed to the inhalation of asbestos dust in North Carolina for a period of not less then two years within 10 years of his last exposure. G.S. § 97-63.
3. Plaintiff was not exposed to the hazards of asbestos for as much as 30 working days, or parts thereof, within seven consecutive calendar months while employed by defendant Anco. G.S. § 97-57.
4. Plaintiff was not exposed to the hazards of asbestos for as much as 30 working days, or parts thereof, within seven consecutive calendar months while employed by defendant Bray. G.S. § 97-57.
* * * * * * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for workers' compensation benefits from the defendants is hereby DENIED.
2. Each side shall pay its own costs.
 S/ ___________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ __________________________ DIANNE C. SELLERS COMMISSIONER
S/ __________________________ BERNADINE S. BALLANCE COMMISSIONER
CMV/cnp/rst 2/19/97